UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 21-12013-RGS

DAVID WALKER

v.

AMANDA MATTESON, et al.

MEMORANDUM & ORDER

May 27, 2022

STEARNS, D.J.

On December 10, 2022, *pro se* litigant, David Walker, who is incarcerated at the Souza-Baranowski Correctional Center ("SBCC") filed a request that the filing fee be waived, a prison account statement, and a complaint. For the reasons stated below, the court will (1) order that Walker resolve the filing fee; and (2) order that, unless the Walker files an amended complaint, certain claims and defendants be dismissed.

BACKGROUND

I.  Request for Waiver of the Filing Fee

Walker completed and filed a form used in the Massachusetts state courts in which a litigant may ask for a waiver of the filing fee and regular

costs.  (Dkt #2).  Walker included with the form a prison account statement covering the dates from May 29, 2021 through November 29, 2021.

II.     Walker's Factual Allegations and Causes of Action

In this preliminary review of the Complaint (Dkt #1), the court accepts, as it must, the veracity of all well-pleaded facts and draws all inferences in favor of Walker.[1]

On September 3, 2021, Walker was assaulted by two unidentified correction officers while he was in the Secure Adjustment Unit.  This unit is managed by defendant Amanda Matteson.  Walker believes that the officers assaulted him because he has a mental health condition that "inadvertently makes [him] expose [his] private parts to individuals."  Statement of Facts (Dkt #1-1) ¶ 3.  The two unidentified officers are not named as defendants.

Walker reported the assault to the Health Services Unit and investigators for Inner Perimeter Security ("IPS").  An IPS investigator took photographs of Walker's injuries and Walker received medical treatment. Matteson and Defendant Correctional Lieutenant John Dankievitch were

---

[1] The Complaint is composed of two related documents.  The form complaint is the main document found in Docket Entry #1.  Walker's factual allegations, set forth in numbered paragraphs, are found in Docket Entry #1-1.  For the recitation of the alleged facts in this order, the Court will refer to the numbered paragraphs of the statement of facts.

informed of the assault and the of the fact that the assault was being investigated by IPS. They did not, however, take "any precautionary measures to prevent any further assault or staff misconduct" by the two officers who had assaulted Walker. *Id.* ¶ 9. "Both officers were on continuance duty assignment and had direct and unlimited access to [Walker]." *Id.* ¶ 10.

In mid-October 2021, Walker "attempted to gain access to the United States District in Boston via U.S. Postal Service; and by mailing a copy of the civil complaint to [his] sister . . . to keep in safe haven in the event prison official tampered with or destroy[ed] [his] property." *Id.* ¶ 11. Approximately a week later, Walker learned that his sister never received the document. Later that month, Defendant Mitchell Dumorney, who is an IPS officer, "notified [Walker] that [his] legal materials were 'intercepted' by him." *Id.* ¶ 13. Dumorney "laughed and did not explain why he blocked [Walker's] access to the courts." *Id.* Dumorney's statement to Walker was made in the presence of "several inmates." *Id.* On October 28, 2021, Sergeant Ledeco, who is not a defendant, denied Walker meals "in retaliation to [his] attempt to access the courts to bring suit against his co-workers." *Id.* ¶ 14.

On November 1, 2021, Walker was interviewed by a "special investigator" from the office of the OCCC superintendent, defendant Douglas

Demoura. *Id.* ¶ 15. During the interview, Walker provided the investigator with "the facts and dates of incidents' of the retaliation and staff misconduct as set out in [the] complaint." *Id.* ¶ 16. Walker was told by Demoura's office that the photographs of the injuries Walker sustained from the September 3, 2021, did not exist, meaning that "the [IPS] Unit destroyed physical evidence that incriminated staff." *Id.* ¶ 18.

"To the date of the filing of his complaint, [Walker] continue[s] to be retaliated against and harassed by staff." *Id.* ¶ 19. Dumorney, whom Superintendent Demoura designated as the Grievance Coordinator, "continue[d] to not file and/or process [Walker]'s grievances in [his] attempt to seek resolution by the administration on these retaliation claims and to prevent further retaliation and physical abuse." *Id.* ¶ 20. Walker "continue[s] to be in fear of [his] physical and mental well being[]." *Id.* ¶ 21.

Walker claims that Matteson is liable for being "deliberate[ly] indifferent to [Walker]'s 8th Amendment rights by not preventing or intervening retaliation by staff." Compl. (Dkt. #1) at 5. It appears that Walker brings the same claim against Dankievitch. Statement of Facts ¶¶ 8, 9. Walker seeks to hold Dumornay liable for "den[ying] [Walker]'s access to the Courts by destroying &/or tampering with legal correspondences." Compl. at 5. Walker's claim against Demoura is that the superintendent "was

4

deliberate[ly] indifferent to [Walker]'s 8th Amen. Rights by failing to protect and/or correct staff retaliation." *Id.*

## DISCUSSION

I.  Filing Fee

The statutory fee for filing a non-habeas civil action is $350. In addition, there is an administrative fee of $52 for filing a non-habeas civil action.

In federal court, when a prisoner is allowed to proceed without prepayment of the filing fee, the $402 combined filing fee is not waived. Rather, the $52 administrative fee is waived but the $350 statutory fee must be paid over time. *See* 28 U.S.C. § 1915(b). When a court allows a prisoner to proceed without prepayment of the filing fee, the court assesses an initial partial filing fee based on information in the prisoner's account statement. *See* 28 U.S.C. § 1915(b)(1). Thereafter, the prisoner makes monthly payments in the amount of 20% of his monthly income each time that amount exceeds $10. *See* 28 U.S.C. § 1915(c).

In short, in a state court proceeding, a court may waive the filing fee for a prisoner plaintiff. In contrast, in a federal court, the requirement that the filing fee be paid at the beginning of the lawsuit may be waived, but the prisoner plaintiff must still satisfy the $350 statutory filing fee by making

incremental payments. Because Walker submitted a state form which allows a litigant to ask for a complete waiver of the filing fee, it is unclear whether he accepts the conditions of proceeding *in forma pauperis* in federal court—namely, that a prisoner plaintiff must pay the $350 statutory filing fee over time.

Thus, if Walker wishes to proceed with this action, he must either pay the $402 combined filing fee or inform the court that wishes to proceed without prepayment of the filing fee and pay the $350 statutory filing fee over time. Walker may do the latter by filing a completed Application to Proceed in District Court Without Prepaying Fees or Costs.

II.   Review of the Complaint

Summonses have not issued pending resolution of the filing fee and the court's preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. This statute authorizes a federal court to a prisoner complaint filed against government officials if the claims therein are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). In conducting this review, the court liberally construes the Complaint because Walker is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

To state a claim upon which relief can be granted, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that a complaint must "contain sufficient factual matter, accepted as true" to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must provide a defendant "enough detail to provide a defendant with 'fair notice of what the . . . claim is and the grounds upon which it rests." *Silverstrand Invs. v. AMAG Pharm., Inc.*, 707 F.3d 95, 101 (1st Cir. 2013) (quoting *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011)) (alteration in original). The plaintiff's obligation to provide the grounds of his claim "requires more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Where, as here, a litigant brings a claim under 42 U.S.C. § 1983, "only those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable." *Cepero-Rivera v. Fagundo*, 414 F.3d 124, 129 (1st Cir. 2005). In other words, a superintendent or other supervisory employer cannot be held liable under § 1983 based solely on the misconduct of a subordinate; the supervisor must have had some form of direct involvement in the alleged unconstitutional. *See id.*; *Feliciano-Hernandez v. Pereira-Castillo*, 663 F.3d 527, 536 (1st Cir. 2011) ("[N]ot every official

7

who is aware of a problem exhibits deliberate indifference by failing to resolve it." (internal quotation marks omitted)); *Bonner v. Outlaw*, 552 F.3d 673, 679 (8th Cir. 2009) ("[A] warden's general responsibility for supervising a prison is insufficient to establish personal liability."). A supervisor's direct involvement includes "personally participating in the constitutional violation, direct[ing] their subordinates to act unlawfully, or know[ing] their subordinates will act unlawfully but fail to stop them." *Bowens v. Superintendent of Miami S. Beach Police Dep't*, 557 Fed. App'x 857, 861 (11th Cir. 2014).[2] Thus, to state a viable § 1983 claim, the specific factual content required by Rule 8(a)(2) must not only identify, in a non-conclusory fashion, the wrongful conduct of a defendant, but it must also permit the court to reasonably infer that the defendant was directly involved in a constitutional violation.

Apart from Walker's allegation that Dumornay interfered with Walker's legal mail, Walker has not alleged sufficient facts from which the

---

[2] *See also, e.g., Steidl v. Gramley*, 151 F.3d 739, 741 (7th Cir. 1998) ("If the warden were aware of 'a systematic lapse in enforcement' of a policy critical to ensuring inmate safety, his 'failure to enforce the policy' could violate the Eighth Amendment." (quoting *Goka v. Bobbitt*, 862 F.2d 646, 652 (7th Cir. 1988))).

court may reasonably infer that the defendants violated Walker's federal rights.

Walker does not seek to hold any defendant liable (nor could he, on the facts alleged) for the assault on him on September 3, 2021. Rather, his claim against them is that he failed to protect him against future harm from these officers, including harms inflicted in retaliation for Walker filing grievances regarding alleged staff misconduct. The threat of future threat does not give rise to a claim for a constitutional violation if the threatened action never occurs. Walker complains that Matteson and Dankievitch continued to assign the officers who assaulted Walker to his unit, notwithstanding their knowledge of said assault. He does not, however, allege that this staffing decision resulted in any specific harm to Walker.

Walker also alleges that Matteson and Dankievitch failed to prevent retaliation against him. Walker identifies only two specific retaliatory actions: Ledeco's denying Walker meals on October 28, 2021, and Dumornay's interference with Walker's mail. However, Walker does not make any factual allegations from which the court may reasonably infer that Matteson and Dankievitch had any knowledge that Ledeco or Dumornay would engage in retaliatory acts. Thus, they cannot be held liable under § 1983 because they did not directly participate in the wrongful acts of

9

Ledeco or Dumornay. Similarly, Walker has not alleged any facts from which the court may reasonably infer that Superintendent Demoura directly participated in any unconstitutional conduct.

Walker's allegation that Dumorney failed to process or resolve his grievances also fail to state a violation of a constitutional right. Prisoners do not have a due process right to a particular grievance procedure or any grievance procedure at all. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). Similarly, prisoners to not have a due process right to have a response to or an investigation of a grievance. *See Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005).[3]

Finally, Walker's allegation that he continues "to be retaliated against and harassed by staff" does not provide a basis for liability against any of the defendant. This allegation is entirely conclusory. It does not identify the

---

[3] *Cf. George v. Smith*, 507 F.3d 506-609-10 (7th Cir. 2007) ("[The prisoner plaintiff's] argument on the merits is that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself. That proposition would not help him if it were correct, for he has lost on all of his underlying constitutional theories. But it is not correct. Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not." (citations omitted)).

10

alleged acts of retaliation or harassment, by whom they were carried out, and how the four defendants in this action directly participated in them.

For purposes of this review of the Complaint, the court will assume, but not decide, that Walker has stated a claim upon which relief may be granted regarding his allegation Dumorney intentionally and with improper motive "intercepted" Walker's mail.

ORDER

For the foregoing reasons:

1. If Walker wishes to pursue this lawsuit, he must, within 35 days, pay the $402 combined fee or file an Application to Proceed in District Court Without Prepaying Fees or Costs. Failure to comply with this directive will result in dismissal of this action without prejudice and without assessment of a filing fee. Walker does not need to file an updated prison account statement.

2. If Walker wishes to pursue any claim other than a claim against Dumorney for interference with his mail, Walker must, within 35 days, file an amended complaint. Any amended complaint will completely supersede the original complaint. If Walker does not file an amended complaint and the filing fee is resolved, only the claim against Dumorney for interference with Walker's mail will be allowed to go forward. Notwithstanding, Walker

will still be able later to amend his complaint in accordance with Rule 15(a) of the Federal Rules of Civil Procedure.

**SO ORDERED.**

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE